No. 23-20618

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## ZAHRA SHAHRASHOOB,
### *Plaintiff - Appellant*
### v.
## TEXAS A&M UNIVERSITY,
### *Defendant - Appellee*

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

_____

## BRIEF OF APPELLEE

_____

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

YVONNE D. BENNETT
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Yvonne.Bennett@oag.texas.gov
Phone (512) 463-2120
Facsimile (512) 320-0667

*Counsel for Defendant - Appellee*

## CERTIFICATE OF INTERESTED PERSONS
No. 23-20618

ZAHRA SHAHRASHOOB,
*Plaintiff - Appellant*

v.

TEXAS A&M UNIVERSITY,
*Defendant – Appellee.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiff – Appellant | Counsel for Plaintiff – Appellant |
| --- | --- |
| Zahra Shahrashoob | Timothy Hootman |

| Defendant – Appellee | Counsel for Defendant – Appellee |
| --- | --- |
| Texas A&M University | Ken Paxton |
| | Brent Webster |
| | James Lloyd |
| | Kimberly Gdula |
| | Yvonne D. Bennett (lead counsel) |
| | OFFICE OF THE ATTORNEY GENERAL |

/s/ *Yvonne D. Bennett*
YVONNE D. BENNETT
Assistant Attorney General
*Counsel of Record for Defendant - Appellee*

## STATEMENT REGARDING ORAL ARGUMENT

The district court's decision was based on well-established principles of law, and the facts are not complicated. Oral argument is not necessary and would not assist the Court in deciding this appeal. If the Court determines that oral argument is warranted, Texas A&M University requests the opportunity to participate and answer the Court's questions.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................2

STATEMENT REGARDING ORAL ARGUMENT ...............................................3

TABLE OF CONTENTS ....................................................................................4

TABLE OF AUTHORITIES ................................................................................5

STATEMENT OF JURISDICTION......................................................................9

ISSUE PRESENTED ........................................................................................10

INTRODUCTION ...........................................................................................11

STATEMENT OF THE CASE...........................................................................12

SUMMARY OF THE ARGUMENT ...................................................................15

STANDARD OF REVIEW ...............................................................................16

ARGUMENT .................................................................................................17

    I.     Dr. Shahrashoob's disparate-treatment claim fails because the evidence establishes that TAMU did not act because of her national origin or gender ................................................................................17

          A.  There is no evidence that Dr. Shahrashoob was replaced or that she was treated less favorably than any similarly situated non-Iranian, male employee........................................................................................19

    II.    Dr. Shahrashoob's retaliation claim fails because there is no evidence of causation..........................................................................................23

    III.   There is no evidence TAMU's reasons for shortening and not renewing Dr. Shahrashoob's academic appointment were pretextual ...................................................................................................25

CONCLUSION................................................................................................28

CERTIFICATE OF SERVICE ...........................................................................29

CERTIFICATE OF COMPLIANCE....................................................................29

# Table of Authorities

## Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .................................16

*Auguster v. Vermilion Par. Sch. Bd.*,
  249 F.3d 400 (5th Cir. 2001) ..............................................................27

*Banks v. E. Baton Rouge Par. Sch. Bd.*,
  320 F.3d 570 (5th Cir. 2003) ..............................................................16

*Briley v. Harvey*,
  No. C.A. C-05-314, 2006 WL 1517523 (S.D. Tex. May 30, 2006) ...................11

*Bryan v. McKinsey & Co.*,
  375 F.3d 358 (5th Cir. 2004) ...................................................... 18, 22

*Byers v. Dallas Morning News, Inc.*,
  209 F.3d 419 (5th Cir. 2000) ..............................................................24

*Cannon v. Jacobs Field Servs. N. Am., Inc.*,
  813 F.3d 586 (5th Cir. 2016) ..............................................................18

*Celotex Corp. v. Catrett*,
  477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .................................16

*Clark v. Am.'s Favorite Chicken Co.*,
  110 F.3d 295 (5th Cir. 1997) ..............................................................17

*DeHart v. Baker Hughes Oilfield Operations, Inc.*,
  214 F. App'x 437 (5th Cir. 2007).........................................................24

*Deines v. Texas Dep't of Protective & Regul. Servs.*,
  164 F.3d 277 (5th Cir. 1999) ..............................................................11

*Eason v. Thaler*,
  73 F.3d 1322 (5th Cir. 1996) ..............................................................23

*Forsyth v. Barr*,
  19 F.3d 1527 (5th Cir. 1994) ...................................................... 16, 17, 23

*Gollas v. Univ. Of Texas Health Sci. Ctr. At Houston*,
    425 F. App'x 318 (5th Cir. 2011) ........................................................................23

*Hammond v. Jacobs Field Servs.*,
    499 F. App'x 377 (5th Cir. 2012) ........................................................................19

*Harris v. Mississippi Transp. Comm'n*,
    329 F. App'x 550 (5th Cir. 2009) ........................................................................27

*Hazen Paper Co. v. Biggins*,
    507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993) ...................................19

*Hernandez v. Yellow Transp., Inc.*,
    670 F.3d 644 (5th Cir. 2012) ......................................................................... 24, 25

*Jones v. Overnite Transp. Co.*,
    212 F. App'x 268 (5th Cir. 2006) ........................................................................11

*Kennerson v. Guidry*,
    135 F. App'x 639 (5th Cir. 2005) .................................................................. 17, 27

*Laxton v. Gap Inc.*,
    333 F.3d 572 (5th Cir. 2003) ...............................................................................26

*Little v. Republic Ref. Co.*,
    924 F.2d 93 (5th Cir. 1991) .................................................................................11

*Long v. Eastfield Coll.*,
    88 F.3d 300 (5th Cir. 1996) .................................................................................24

*Lyons v. Katy Indep. Sch. Dist.*,
    964 F.3d 298 (5th Cir. 2020) ...............................................................................24

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) .....................................23

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) .................... 18, 19, 23, 26

*Okoye v. Univ. of Texas Houston Health Sci. Ctr.*,
    245 F.3d 507 (5th Cir. 2001) ........................................................................ 18, 20

*Owens v. Circassia Pharms., Inc.*,
   33 F.4th 814 (5th Cir. 2022) ...............................................................23

*Perez v. Texas Dep't of Crim. Just., Institutional Div.*,
   395 F.3d 206 (5th Cir. 2004) ...............................................................20

*Price v. Fed. Exp. Corp.*,
   283 F.3d 715 (5th Cir. 2002) ....................................................... 19, 26

*Ragas v. Tennessee Gas Pipeline Co.*,
   136 F.3d 455 (5th Cir. 1998) ...............................................................17

*Reeves v. Sanderson Plumbing Prod., Inc.*,
   530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)............................ 18, 26

*Rios v. Rossotti*,
   252 F.3d 375 (5th Cir. 2001) ...............................................................18

*Rollins v. Home Depot USA*,
   8 F.4th 393 (5th Cir. 2021) ....................................................... 19, 20, 22

*Ross v. Judson Indep. Sch. Dist.*,
   993 F.3d 315 (5th Cir. 2021) ...............................................................21

*Russell v. McKinney Hosp. Venture*,
   235 F.3d 219 (5th Cir. 2000) ...............................................................17

*Rutherford v. Harris Cnty., Tex.*,
   197 F.3d 173 (5th Cir. 1999) ...............................................................18

*Septimus v. Univ. of Houston*,
   399 F.3d 601 (5th Cir. 2005) ...............................................................23

*Standley v. Rogers*,
   680 F. App'x 326 (5th Cir. 2017)..........................................................25

*Strong v. Univ. Healthcare Sys., L.L.C.*,
   482 F.3d 802 (5th Cir. 2007) ....................................................... 23, 24

*Texas Dep't of Cmty. Affs. v. Burdine*,
   450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)......................................18

*Thomas v. Cook Children's Health Care Sys.*,
    No. 22-10535, 2023 WL 5972048 (5th Cir. Sept. 14, 2023) ........................ 21, 22

*Univ. of Texas Sw. Med. Ctr. v. Nassar*,
    570 U.S. 338, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013) ...................................23

*Wallace v. Methodist Hosp. Sys.*,
    271 F.3d 212 (5th Cir. 2001) .................................................................27

*West v. City of Houston*,
    960 F.3d 736 (5th Cir. 2020) .................................................................21

*Wheat v. Fla. Par. Juv. Just. Comm'n*,
    811 F.3d 702 (5th Cir. 2016) .................................................................23

*Wyvill v. United Companies Life Ins. Co.*,
    212 F.3d 296 (5th Cir. 2000) .................................................................21

## Statutes

28 U.S.C.A. § 1291 (West) ...........................................................................9

28 U.S.C.A. § 1331 (West) ...........................................................................9

Tex. Educ. Code Ann. § 88.500 ...............................................................14

## Rules

Fed. R. App. P. 4(a)(1)(A) ...........................................................................9

Fed. R. App. P. 32(a)(5) ............................................................................29

Fed. R. App. P. 32(a)(6) ............................................................................29

Fed. R. App. P. 32(a)(7)(B) .......................................................................29

Fed. R. App. P. 32(f); and (2) ....................................................................29

Fed. R. Civ. P. 56(a) ..................................................................................16

Fed. R. Civ. P. 56(c) ..................................................................................22

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 28 U.S.C.A. § 1331 (West). This Court has jurisdiction under 28 U.S.C.A. § 1291 (West). On November 28, 2023, the district court granted Appellee's motion for summary judgment and entered final judgment. ROA.544-560. Appellant filed a timely notice of appeal. ROA.561-562; *see* Fed. R. App. P. 4(a)(1)(A).

## ISSUE PRESENTED

Plaintiff is a non-tenure track faculty member suing for discrimination and retaliation under Title VII whose academic appointment was not renewed because of budgetary constraints and department teaching needs, and she did not introduce any evidence that these legitimate, nonretaliatory and nondiscriminatory reasons for the non-renewal were false and a pretext for sex or national origin discrimination. Did the trial court properly grant summary judgment to Texas A&M University?

## INTRODUCTION

Discrimination laws are not vehicles for second-guessing an employer's business decisions. *Deines v. Texas Dep't of Protective & Regul. Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). Rather, they prohibit employers only from making employment decisions based upon, or retaliating against efforts to prevent, discrimination. *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006). Here, Texas A&M University (TAMU) concluded that its budgetary constraints and department needs required it to not renew Dr. Shahrashoob's academic appointment, and while she may disagree with this decision it does not render TAMU liable under Title VII. Liability requires a discriminatory or retaliatory motive. *See Briley v. Harvey*, No. C.A. C-05-314, 2006 WL 1517523, at *5 (S.D. Tex. May 30, 2006) (citations omitted). ("We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue."); *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991). Dr. Shahrashoob produced no evidence of either.

In fact, Dr. Shahrashoob has no evidence establishing a *prima facie* case of discrimination or retaliation, let alone evidence that TAMU's stated reasons for shortening and not renewing her academic appointment—the aforementioned budgetary constraints and department needs—were both false and a pretext for unlawful discrimination and retaliation. TAMU was entitled to summary judgment and the Court should affirm.

## STATEMENT OF THE CASE

Dr. Zahra Shahrashoob, an Iranian born female and permanent resident of Canada, began working for TAMU as a non-tenure track lecturer in the School of Chemical, Biological and Materials Engineering in September 2018. Dr. Shahrashoob was hired to teach classes in chemical engineering and other classes assigned by the department head. ROA.417 at p.17:5-21; ROA.426. The effective term of her initial appointment was September 1, 2018, through May 31, 2019, subject to her 1) successfully defending her dissertation and 2) ability to provide employment eligibility documentation to work in the United States. ROA.426-427. Shahrashoob's starting salary was $63,000, for a 9-month appointment, which reflected her limited experience and job responsibilities. Shahrashoob officed in a cubicle office, the same as all lab class instructors and other lecturers. Shahrashoob did not receive any start-up funds for aid with research because she was not hired as a tenure-track faculty. At TAMU, start-up funds are only allocated to tenure-track faculty members, which does not include lecturers. ROA.413 at p.46:14-25; ROA.415-425 at p. 27:13-15. At the time of her hire, Shahrashoob was supervised by former department head, the late Dr. M. Nazmul Karim ("Dr. Karim"). Dr. Arul Jayaraman became acting department head, and Shahrashoob's supervisor, in March 2019. ROA.415-425 at p. 7:8-13 and p.17:3-4.

In March 2019, TAMU laterally transferred Shahrashoob from a Lecturer position to Instructional Assistant Professor, another non-tenure track position. ROA.428-429. The change in title was an effort to assist Shahrashoob in obtaining her permanent residency. ROA.415-425 at p.19:24-p.20:1; p.21:21-p.22:5. TAMU had started the Labor Certification process which is the first step towards permanent residency. Accordingly, a Prevailing Wage Request was filed with the Department of Labor ("DOL") by TAMU. The DOL's response to the request revealed that a higher prevailing wage was required than currently paid to Shahrashoob. ROA.472. To assist Shahrashoob with her application for permanent residency, TAMU increased her salary to $73,755 for a 9-month appointment, representing a 15% increase in pay, hoping to qualify her salary for the DOL required higher wage rate. ROA.472; *see also* ROA.430-431. Ultimately, even with the increased salary, Shahrashoob did not meet the prevailing wage requirement set by the DOL. Because of budgetary constraints, TAMU was unable to adjust her pay for a second time to meet the requirements for permanent residency. ROA.432; *see also* ROA.413 at p.49:2-7.

In late February 2020, Plaintiff, for the very first time, notified Dr Jayaraman that she desired a private office to work in since she was constantly being interrupted at her cubicle workstation. Dr Jayaraman searched, and eventually located, an office

that was offered to her in March 2020, however, Shahrashoob refused to use it. ROA.433; ROA.415-425 at pp. 29:6-10; 30:9-14.

On June 13, 2020, Shahrashoob filed her first charge of discrimination with the Texas Workforce Commission Civil Rights Division ("TWC-CRD") and the Equal Employment Opportunity Commission ("EEOC") against Texas A&M Engineering Experiment Station[1] ("TEES") alleging discrimination based upon sex, national origin, and retaliation. ROA.434.    In mid-August 2020, TAMU renewed Shahrashoob's academic appointment, however due to budgetary constraints resulting from the COVID pandemic and the needs of the Department, TAMU was only able to offer Shahrashoob, and at least one other Assistant Professor (male) in the College of Engineering, a 4.5-month term, set to expire on January 15, 2021. ROA.435-436; ROA.415-425 at p.44:3-4, 14-22, p.45:3-5, p.46:2-9 and 21-p.47:6, p.49:10-16, p.52:6-16; ROA.437-440. About a month after learning that her academic appointment would be expiring in January 2021, Shahrashoob filed her second charge with the TWC-CRD, alleging that TAMU discriminated against her because of a disability and retaliated against her. ROA.441-445.

Dr. Shahrashoob filed her Original Complaint in this cause of action on March 4, 2022. ROA.3. She alleged, among other things, that TAMU discriminated against

---

[1] Texas A&M Engineering Experiment Station is a separate legal entity from TAMU. *See* Tex. Educ. Code Ann. § 88.500.

her because of her national origin and gender and retaliated against her for complaining about discrimination. ROA.262-64. Only her Title VII national origin and gender discrimination and retaliation claims were before the district court at the time of summary judgment. ROA.544-59. The district court rendered summary judgment against Shahrashoob finding that she failed to carry her burden of showing a factual dispute material to determining whether other faculty members in her department were similarly situated to her and whether TAMU's stated reasons for its conduct—budgetary constraints and staffing needs—were pretextual. ROA.556-58. The district court entered a final judgment to that effect. ROA.560. This appeal followed.

## SUMMARY OF THE ARGUMENT

The trial court's decision should be affirmed because there is no genuine issue of material fact on at least one element of each of Shahrashoob's claims, and TAMU is entitled to judgment as a matter of law. First, contrary to Dr. Shahrashoob's unsubstantiated opinion that she was replaced by Dr. Mohammad Alam, an Indian man, Shahrashoob cannot show discrimination because there is no evidence that she was replaced or that similarly situated non-Iranian, male employees were treated more favorably than her or that her national origin or gender were factors in TAMU's decisions to shorten and not renew her academic appointment. Second, Shahrashoob cannot show retaliation because she has no evidence that her academic appointment

would have been renewed but for her alleged protected activity. Finally, Shahrashoob has no evidence that TAMU's legitimate reasons for not renewing her academic appointment—budgetary constraints and department needs—are pretextual. The evidence conclusively shows that TAMU's employment decisions were based upon legitimate, non-discriminatory, and non-retaliatory factors.

The Court should affirm.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A grant of summary judgment is reviewed *de novo*. *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).

A dispute regarding a material fact is "genuine" only if the evidence would allow a reasonable jury to return a verdict in favor of the nonmoving party on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). If Shahrashoob, as the nonmoving party, does not establish the existence of an element essential to her case on which she bears the burden of proof, summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Because she is opposing summary judgment, Shahrashoob must identify specific evidence in the record and articulate the precise way it supports her claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Court need rely only on those portions of the record that Shahrashoob identifies. *Ragas*, 136 F.3d at 458; *Forsyth*, 19 F.3d at 1536–37. "The plaintiff bears the ultimate burden of persuading the trier of fact . . . that the employer intentionally discriminated against him because of his protected status." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). Unsupported allegations or declaration testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment. *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). Subjective beliefs of discrimination are an insufficient defense to a summary judgment motion. *Kennerson v. Guidry*, 135 F. App'x 639, 641 (5th Cir. 2005).

ARGUMENT

## I.   Dr. Shahrashoob's disparate-treatment claim fails because the evidence establishes that TAMU did not act because of her national origin or gender.

Shahrashoob could not establish a *prima facie* case of disparate treatment because the evidence establishes two dispositive facts: she was not replaced and her academic appointment was shortened and not renewed because of the Chemical

Engineering Department's budgetary constraints and teaching needs, not because of her national origin or gender, but. ROA.415-472.

Shahrashoob's claim is evaluated under the *McDonnell Douglas* burden-shifting approach. *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). To survive summary judgment under *McDonnell Douglas*, Shahrashoob must first present evidence of a *prima facie* case—that (1) she is within a protected class of people; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside of her protected class or other similarly situated persons outside her protected class were treated more favorably. *See Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citation omitted); *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 179–80 (5th Cir. 1999). If she had done so, the burden would have shifted to TAMU to articulate a legitimate, nondiscriminatory reason(s) for not renewing her academic appointment. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001). The burden on the defendant at this stage "is one of production, not persuasion…[and] can involve no credibility assessment." *Rios v. Rossotti*, 252 F.3d 375, 379 (5th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)); *see also Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 257–58, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). Shahrashoob would then have to establish that TAMU's proffered reasons were

actually a pretext for intentional discrimination. *Hammond v. Jacobs Field Servs.*, 499 F. App'x 377 (5th Cir. 2012), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993); *see also Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). Dr. Shahrashoob failed to meet her burden, therefore, summary judgment was appropriate.

A. **There is no evidence that Dr. Shahrashoob was replaced or that she was treated less favorably than any similarly situated non-Iranian, male employee.**

For the very first time, in her appellate brief, Dr. Shahrashoob argues that she can make a *prima facie* case of discrimination because she was replaced by someone outside of her protected classes. *See* Appellant's Brief at pp.39-42. Shahrashoob did not make this argument to the district court, nor did she point the district court to any evidence supporting this argument. ROA.474-480; ROA.544-559. All Dr. Shahrashoob provided to the district court were her conclusory allegations that non-Iranians and males were treated better than she was treated. *Id.* This argument was therefore not properly preserved for review by this Court. A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). No exception to this general rule applies here, because whether Shahrashoob "would have been able to establish a fact dispute is plainly not a pure question of

law. Nor is there manifest injustice to correct here—nothing prevented [her] from alleging a fact dispute in the district court." *Id.* at 399. Even if Dr. Shahrashoob had properly raised this argument in the district court, her claims would still fail because her assertion is not supported by any competent evidence in the record. Dr. Jayaraman testified that after the chemical engineering department received funding for tenure-track faculty for the Fall of 2021, they interviewed and ultimately hired 2 tenure-track faculty members, Dr. Manish Shetty and Dr. Jeetain Mittal. ROA.423 at p.49:20-p.50:24. There is no evidence in the record to support Dr. Shahrashoob's conclusory opinion that TAMU hired Dr. Alam to replace Dr. Shahrashoob, a non-tenure track Instructional Professor.

Dr. Shahrashoob did not and cannot otherwise point the Court to any competent summary judgment evidence that the other individuals to whom she is referring were similarly situated to her with regard to the department's teaching needs; i.e., course subjects taught, faculty title and position, experience, etc. *Id.* The Fifth Circuit has definitively held that "to establish disparate treatment, a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances..." *Okoye*, 245 F.3d at 514 (emphasis added). The "alleged comparator employees [must have been] similarly situated from the perspective of their employer at the time of the relevant employment decision []," *Perez v. Texas Dep't of Crim. Just., Institutional Div.*, 395 F.3d 206, 210 (5th Cir. 2004), and the

comparator employees' position in the organization, e.g., job title, duties, supervisor should be roughly the same. *See, e.g., Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000); *see also Thomas v. Cook Children's Health Care Sys.*, No. 22-10535, 2023 WL 5972048, at *4 (5th Cir. Sept. 14, 2023) (citing *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 322 (5th Cir. 2021)).

Shahrashoob alleged that her academic contract was shortened and ultimately not renewed, unlike any other faculty in the Chemical Engineering Department. ROA.256 at ¶ 38. Dr. Shahrashoob basically alleges that all the other faculty, Assistant Professors or otherwise, in the Chemical Engineering Department are her comparators without identifying who, in particular, was treated more favorably. *Id*. In her response to TAMU's motion, Dr. Shahrashoob, relying on a screenshot of TAMU's website, argued that Dr. Holste was similarly situated to her and treated better. ROA.479. Dr. Shahrashoob argued that Dr. Holste was treated more favorably because he "was rehired or allowed to come back." The district court noted that the information provided on the screenshot showed that Dr. Holste had been on the chemical engineering faculty for decades and was a Professor of Chemical Engineering, not an Instructional Assistant Professor like Dr. Shahrashoob. This information clearly indicated that Dr. Holste was not similarly situated to Dr. Shahrashoob. ROA.558. *See West v. City of Houston*, 960 F.3d 736,

740 (5th Cir. 2020). Dr. Shahrashoob did not provide any evidence that any other faculty members were similarly situated to her. ROA.558.

There is no competent summary judgment evidence to support Dr. Shahrashoob's contention that she was treated less favorably because of her national origin or her gender. In fact, all Dr. Shahrashoob offers in support of her claims are her conclusory allegations and her subjective beliefs. *See* Appellant's Brief at pp.40-42; ROA.474-480. That is simply not enough to defeat a motion for summary judgment. *Bryan*, 375 F.3d at 360; *Thomas v. Cook*, at *4. In contrast, TAMU provided substantial evidence of its non-discriminatory reasons for not renewing Dr. Shahrashoob's academic appointment—budgetary constraints and the teaching needs of the Chemical Engineering Department. ROA.415-472. As the district court found Dr. Shahrashoob failed to produce evidence raising a factual dispute material to determining whether she was similarly situated to any faculty members in the department of chemical engineering as comparators. ROA.557-8.

Since there is no genuine issue of material fact as to whether TAMU discriminated against Dr. Shahrashoob because of her national origin or gender,[2] TAMU is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

---

[2] Dr. Shahrashoob states that Title VII prohibits discrimination based on a combination of protected characteristics, such as "sex-plus-race" discrimination. *See* Appellant's Brief at p.36. Again, Dr. Shahrashoob is raising this argument for the first time in this appeal. ROA.474-480; ROA.544-559. This argument was therefore not properly preserved for review by this Court. *Rollins*, 8 F.4th at 397.

Summary judgment was appropriate, here, and the Court should affirm. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth*, 19 F.3d at 1533.

## II. Dr. Shahrashoob's retaliation claim fails because there is no evidence of causation.

As with her discrimination claim, Shahrashoob's retaliation claim is subject to the *McDonnell Douglas* burden-shifting test. Rather than her national origin or gender, however, Shahrashoob must establish that TAMU would not have shortened or not renewed her academic appointment when it did but for her complaining about discrimination. *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705–06 (5th Cir. 2016) (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013); *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007) (applying "but for" standard rather than *prima facie* "causal link" standard in affirming summary judgment against Title VII retaliation plaintiff); *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

Under the "but for" standard, the protected activity cannot be a reason for the adverse action, it must be *the* reason for the adverse action. *Gollas v. Univ. Of Texas Health Sci. Ctr. At Houston*, 425 F. App'x 318, 321–22 (5th Cir. 2011) (emphasis added); *see also Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 835 (5th Cir. 2022)

(citing to *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). "But for" causation cannot be established by temporal proximity alone. *Strong*, 482 F.3d at 808; *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). Thus, the question for this Court becomes whether Dr. Shahrashoob put forth legally sufficient summary judgment evidence that her academic appointment would have been renewed for the full term but for her complaining about discrimination. *Strong*, 482 F.3d at 806. TAMU contends that she has not, and summary judgment was appropriate. *See DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 440 (5th Cir. 2007)(citing *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 429 (5th Cir. 2000).

Dr. Shahrashoob argues that causation was established because of the timing of the adverse employment action in relation to her complaints about discrimination. *See* Appellant's Brief at p. 43. However, the Fifth Circuit has made it clear that temporal proximity alone is not enough to meet the "but for" causation standard. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306-07 (5th Cir. 2020) (citing *Strong*, 482 F.3d at 808).

There is no evidence that her complaints played any role in the decision to end Dr. Shahrashoob's academic appointment. In fact, Dr. Jayaraman testified that the decision to shorten Dr. Shahrashoob's faculty appointment was based upon budgetary constraints and the needs of the Chemical Engineering Department, i.e.,

teaching, conducting pedagogical research, course development. ROA.415-425 at pp.23:20-23; 44:3-22; 46:2-9, 25-p.47:6, p.48:18-p.49:16, p.52:6-16. TAMU presented ample evidence that the non-renewal was the result of budget constraints and department needs. *Id.*

On appeal, as before the district court, Dr. Shahrashoob solely relies on her subjective beliefs and speculation about the reasons for shortening and not renewing her academic appointment. But these do not create a genuine issue of material fact as to "but for" causation. *Standley v. Rogers*, 680 F. App'x 326, 327–28 (5th Cir. 2017). Dr. Shahrashoob cannot point to any competent summary judgment evidence to create a genuine issue of material fact as to a "but for" causal link between her complaining about discrimination and the shortening/non-renewal of her academic appointment. *Hernandez*, 670 F.3d at 660. Since causation is an essential element of her claim and Dr. Shahrashoob cannot establish that her academic appointment was not renewed because she complained about discrimination, she fails to establish a claim of retaliation, TAMU is entitled to judgment as a matter of law, and the trial court's decision should be affirmed.

## III. There is no evidence TAMU's reasons for shortening and not renewing Dr. Shahrashoob's academic appointment were pretextual.

Even if Shahrashoob had made a *prima facie* case of discrimination or retaliation, she has no evidence that TAMU's stated reasons were both false and pretextual, so the district court granting TAMU summary judgment was still

appropriate. As described above, the record is full of evidence that supports TAMU's actions. *See* ROA.415-433; ROA.435-440; ROA.472. There is no evidence in the record indicating that any decisionmaker was motivated by anything other than those reasons.

Dr. Shahrashoob ignores the applicable *McDonnell Douglas* burden-shifting analysis which requires her to show that TAMU's stated reasons are pretext for discrimination and retaliation once TAMU provided legitimate business reasons for its conduct. *See* Appellant's Brief at pp.30-31, 39-44. Although she correctly states the dispositive question, she misstates what she is required to show to defeat summary judgment. *Id*. at p.41.

Both here and at the trial court level, Dr. Shahrashoob fails to point the court to any evidence that TAMU's stated reasons were false and the real reasons were her national origin, gender, or her complaining about discrimination. To survive, summary judgment Dr. Shahrashoob must show that TAMU's reasons are not true but a pretext for illegal discrimination or retaliation. *Price*, 283 F.3d at 720; *Reeves*, 530 U.S. at 142–43. At a minimum, Dr. Shahrashoob must present some evidence that creates a genuine issue of material fact that TAMU's justification for her nonrenewal is "unworthy of credence." *Id*. at 153. She must produce sufficient summary judgment evidence, essentially rebutting each of the stated reasons for TAMU's conduct. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) ("The

plaintiff must rebut each nondiscriminatory reason articulated by the employer.")
(citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001); *Harris
v. Mississippi Transp. Comm'n*, 329 F. App'x 550, 556 (5th Cir. 2009) (holding that
plaintiff who failed to rebut each legitimate, nondiscriminatory reason for her
termination did not sustain burden of demonstrating pretext).

That record evidence does not exist. Rather, nothing in the record, except Dr.
Shahrashoob's subjective belief, supports her claim that TAMU's stated reasons for
shortening and not renewing her academic appointment were pretextual. Her
subjective belief, of course, is not evidence of pretext. S*ee Kennerson*, 135 F. App'x
at 641; *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 403 (5th Cir. 2001). The
evidence in the record shows that TAMU had to cut some non-tenure faculty because
of budget concerns and determined that at least two faculty, including Dr.
Shahrashoob, did not meet the needs of its Chemical Engineering Department.
ROA.415-472. TAMU has produced substantial evidence of its legitimate, business
reasons for shortening and not renewing Dr. Shahrashoob's academic appointment.
*See* ROA.415-433; ROA.435-440; ROA.472. For those reasons alone, Dr.
Shahrashoob's academic appointment was not renewed.  ROA.415-472.

In sharp contrast, the summary judgment record is devoid of any evidence that
the stated reasons for Dr. Shahrashoob's non-renewal are false and a pretext for
discrimination or retaliation. *Id*.  Dr. Shahrashoob cannot point this Court to any

evidence that TAMU's reasons lack credibility and that her national origin, gender, or discrimination complaints were the real reason her academic appointment was shortened and was not renewed. ROA.556-559.

Whether due to Dr. Shahrashoob's lack of a *prima facie* case or her lack of evidence of pretext, TAMU was entitled to summary judgment on Shahrashoob's discrimination and retaliation claims. The Court should affirm.

## CONCLUSION

TAMU respectfully requests that the Court affirm the trial court's judgment.

Dated May 8, 2024.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil
Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ *Yvonne D. Bennett*
YVONNE D. BENNETT
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Yvonne.Bennett@oag.texas.gov
Phone (512) 463-2120
Facsimile (512) 320-0667

*Counsel for Defendant - Appellee*

## CERTIFICATE OF SERVICE

I certify that on May 8, 2024, this brief was filed and served via the Court's CM/ECF document filing system, which provided a copy to the following counsel of record for Plaintiff - Appellant:

Timothy A. Hootman
2402 Pease St.
Houston, TX 77003
713-366-6229
Thootman2000@yahoo.com

*/s/ Yvonne D. Bennett*
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,208 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

*/s/ Yvonne D. Bennett*
Assistant Attorney General